**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS**

MARK R. LYNN, et al.,

      Plaintiffs,

v.                                            Case No. 03-2662-KHV-DJW

GENERAL ELECTRIC COMPANY,

      Defendant.

**MEMORANDUM AND ORDER**

Pending before the Court are the following three motions:

(1)     Plaintiffs' Motion to Modify Scheduling Order (doc. 104) or, in the alternative, leave to file Motion to Certify out of time.

(2)     Plaintiffs' Motion to Modify Scheduling Order (doc. 114) to extend discovery and continue class certification hearing.

(3)     Defendant's Motion for Protective Order (doc. 124) relieving Defendant from the obligation to respond to class discovery served on August 1, 2005.

For the reasons stated below, Plaintiffs' first Motion to Modify the Scheduling Order will denied, Plaintiffs' second Motion to Modify the Scheduling Order will be deemed moot and Defendant's Motion for Protective Order will be granted.

**Relevant Procedural Background**

12/30/2003: Plaintiffs file a Collective Action Complaint pursuant to the Fair Labor Standards Act ("FLSA") alleging that Defendant GE Transportation violated the FLSA by failing to award proper compensation and overtime wages.

06/16/2004: Defendant files a Motion to Stay and Compel Alternative Dispute Resolution ("ADR").

03/24/2005: The district judge overrules all objections and adopts the Magistrate Judge's Report and Recommendation denying Defendant's Motion to Stay and Compel ADR.

05/11/2005: The parties participate in a scheduling conference with the Court and agree to deadlines in the case.

05/19/2005: The Scheduling Order memorializing the May 11, 2005 phone conference is entered setting the following deadlines:

> Motions to provisionally certify case as collective action:   07/11/2005
> Deadline for early discovery on collective action issues:   09/01/2005
> Hearing on any motion for collective action:   09/23/2005

08/17/2005: Plaintiffs move for leave to file their motion for certification of a collective action out of time.

09/01/2005: Plaintiffs move to extend the 9/01/2005 deadline for collective action discovery to 11/30/2005 and delay the 9/23/2005 certification hearing to 10/31/2005.

**Discussion**

**I.      Leave to File Motion for Class Certification Out of Time**

Plaintiffs ask the Court to permit them to file their motion for certification of a collective action out of time. Plaintiffs filed their request after the deadline for filing such a motion had expired. Accordingly, under Fed. R. Civ. P. 6(b), Plaintiffs must show "excusable neglect" for their failure to file the motion within the original deadline.

The United States Supreme Court discussed the meaning of "excusable neglect" in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership*.[1] To determine whether neglect is "excusable," the Court must take account of all relevant circumstances surrounding a partys' delay, including (1) the danger of prejudice to the other party or parties, (2) the length of the delay and its potential impact on the case, (3) the reason for the delay, including whether it was within the reasonable control of the party seeking relief, and (4) whether the movant acted in good faith.[2]

A party's control over the circumstances of the delay is "a very important factor, perhaps the most important single factor, in determining whether neglect is excusable."[3] Moreover, the party "seeking to establish excusable neglect *must plead and prove* it."[4] Finally, inadvertence, mistake and the press of other legal matters generally do not constitute excusable neglect[5]

---

[1]507 U.S. 380, 395 (1993).

[2]*Id.* Although *Pioneer* involved an interpretation of the Bankruptcy Act, courts have applied those same standards in the Rule 6(b) context. *See, e.g., Welch v. Centex Home Equity Co., LLC,* No. 03-2132-JWL, 2004 WL 2348295 (D. Kan. April 23, 2004); *Outley v. Coca Cola Enterprises, Inc.*, No. 97-2056-GTV, 1998 WL 118070, at *1 (D. Kan. Mar.11, 1998); *Blissett v. Casey*, 969 F.Supp. 118, 123 (N.D.N.Y.1997).

[3]*Thomas v. Unified Sch. Dist. No. 501,* 177 F.R.D. 488, 489 (D. Kan. 1997) (citations omitted).

[4]*Fernandez v. U.S.*, 169 F.R.D. 372, 374 (D. Kan. 1996) (emphasis added).

[5]*Walls v. Int'l Paper Co.*, 192 F.R.D. 294, 296 (D. Kan.2000) (delay due to attorney's busy practice rarely constitutes excusable neglect); *see also* Kan. Sup.Ct. Rule 1.3 (lawyer shall act with reasonable diligence and promptness); *CSU, L.L.C. v. Xerox Corp.,* 202 F.R.D. 275, 282 (D.Kan. 2001) (attorney inadvertence, ignorance of rules or mistakes construing rules usually not excusable neglect).

### A.      Danger of Prejudice

In considering the first factor, the Court finds that the impact on these proceedings if Plaintiffs are allowed to file their motion out of time is significant in terms of prejudice to Defendant. This case currently consists of six Plaintiffs. If the Court permits Plaintiffs to file a motion to certify, and the motion ultimately is granted, Defendant would be forced to defend a collective action with potentially hundreds of opt-in plaintiffs that it otherwise would not be required to defend, the burden of which will be considerable to Defendant in terms of time and expense. Moreover, if Plaintiff's Motion to File Out of Time is granted, the Court will have to extend the deadline for Defendant's response to Plaintiffs' Motion for Provisional Certification, extend the deadline for discovery with regard to collective action issues, and further postpone the collective action hearing. Granting Plaintiffs' Motion will significantly delay the proceedings in a case that is already two years old. Such a delay would be highly prejudicial to Defendant.

### B.      Length of Delay

Viewed in the context of the activity in this case during the thirty-four (34) day period of time between the original deadline and Plaintiffs' request for leave to file their motion out of time, the Court finds the length of the delay to be material. During this period of time, Plaintiffs filed both a Second Amended Complaint and a Motion for Extension of Time to Respond to Defendant's Discovery. Moreover, Plaintiff was served with

- Defendant's Answer to the Second Amended Complaint;

- Defendant's Motion to Dismiss and Petition to Compel Arbitration;

- Defendant's First Interrogatories, Requests for Production and Admissions to Richard McCuistion and James Willis;

- Defendant's Motion for Extension of the Mediation Deadline; and

- Court Order setting a telephone status conference.

Given the constant flow of activity in this case from July 11, 2005 to August 17, 2005, the Court deems the thirty-four (34) day delay between the original deadline and Plaintiffs' request for leave to file the motion out of time is significant.

C.     **Reason for Delay/Good Faith**

In explaining the reason for the delay, Plaintiffs state

- the deadline at issue bears no logical relationship to the other deadlines included within the Scheduling Order;

- Plaintiffs' counsel's legal assistant and secretary failed to properly docket the deadline at issue; and

- Plaintiff was preoccupied with responding to written discovery and efforts to locate new party-plaintiffs.

Simply put, the Court is not persuaded by these arguments. Documents filed with the Court confirm Plaintiffs appeared and participated in the May 11, 2005 telephone scheduling conference through counsel. During this scheduling conference, the July 11, 2005 deadline was discussed and agreed upon by the parties and approved by the Court. The July 11, 2005 deadline subsequently was memorialized within the Court's May 19, 2005 Scheduling Order, which was electronically submitted to counsel for Plaintiffs that same day. Plaintiffs here are represented by two distinct and separate counsel, both of which are notified electronically every time an Order is entered or a pleading filed. For these reasons, the Court is not persuaded by the argument of Plaintiffs' counsel that counsel acted in good faith or that counsel was unaware of the deadline because of inactions by

5

clerical staff or preoccupation with other aspects of case management. Moreover, even if it was persuaded otherwise, the Court finds that under the circumstances presented, inadvertence, mistake and the press of other legal matters do not constitute excusable neglect[6]

Taking into account all relevant circumstances surrounding Plaintiffs' delay in filing their motion to provisionally certify a collective action, the Court finds the delay material and entirely within the control of Plaintiff's counsel. The Court further finds Defendant will be prejudiced if Plaintiff is permitted to file the motion out of time. Simply put, Plaintiffs have failed to demonstrate excusable neglect and thus will not be permitted to file their motion for certification of a collective action out of time.

Accordingly, it is hereby ordered that Plaintiffs' Motion to Modify Scheduling Order (doc. 104) or, in the alternative, Leave to file Motion to Certify Out of Time is <u>denied</u>.

Based on this ruling, the Court finds <u>moot</u> Plaintiffs' Motion for Leave to Extend the Deadline for Collective Action Discovery and Delay the Certification Hearing (doc. 114).

Also based on this ruling, the Court hereby <u>grants</u> Defendant's Motion for Protective Order (doc. 124) relieving Defendant from the obligation to respond to class discovery served on August 1, 2005.

IT IS SO ORDERED.

---

[6]*Walls v. Int'l Paper Co.*, 192 F.R.D. at 296 (delay due to attorney's busy practice rarely constitutes excusable neglect); *see also* Kan. Sup.Ct. Rule 1.3 (lawyer shall act with reasonable diligence and promptness); *CSU, L.L.C. v. Xerox Corp.,* 202 F.R.D. at 282 (attorney inadvertence, ignorance of rules or mistakes construing rules usually not excusable neglect).

Dated in Kansas City, Kansas on this 5th day of October, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties