## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARK R. LYNN, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 03-2662-KHV** |
| **GENERAL ELECTRIC COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

### MEMORANDUM AND ORDER

Plaintiffs bring suit against General Electric Company, alleging that it violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. This matter comes before the Court on plaintiffs' Motion For Leave To File Surreply And Memorandum In Support Thereof (Doc. #139) filed November 8, 2005. For reasons set forth below, the Court overrules plaintiffs' motion.

### Procedural Background

On July 25, 2005, defendant filed its Motion To Dismiss And Petition To Compel Arbitration (Doc. #94). The motion was directed solely to plaintiff John Campesino, and on August 17, 2005, he sought 20 additional days to file his response. See Consent Motion For Extension Of Time To Respond (Doc. #103). On September 6, 2005, plaintiff filed a second motion for extension of time. See Docs. # 116 and 117. Plaintiff asked for a third extension of time on September 12, 2005 and a fourth extension on September 26, 2005. The Court granted all requests, extending plaintiff's response deadline until October 10, 2005 (which was more time than plaintiff had requested) and stating that no further extensions

would be granted. See Doc. #128. Apparently unpersuaded by the Count's statement of intent, plaintiff sought a fifth extension on October 10, 2005. The Court denied the motion. Plaintiff immediately filed a motion for reconsideration, attaching Campesino's declaration. According to plaintiff, the declaration demonstrated that defendant's motion to dismiss should be denied. It obviously was intended to address the prospect that the Court would refuse to reconsider its refusal to grant additional time to oppose defendant's motion. On October 25, 2005, however, unsure whether Campesino intended his declaration to serve as his response on the merits, defendant filed a reply in support of its motion to dismiss. The Court denied plaintiff's motion to reconsider, and it now construes the declaration as plaintiff's opposition to the motion to dismiss.

On November 11, 2005, plaintiff filed a Motion For Leave To File Surreply And Memorandum In Support Thereof (Doc. #139). Defendant opposes the motion, arguing that (1) defendant's reply brief does not raise new material; (2) plaintiff's surreply does not comply with the page limitations of D. Kan. Rule 7.1(e); and (3) plaintiff's request is "a thinly veiled attempt to again file that untimely response" to defendant's motion to dismiss.

## **Analysis**

Under D. Kan. Rule 7.1, parties may file a motion, a response and a reply. Surreplies are typically not allowed. See Metzger v. City of Leawood, 144 F. Supp.2d 1225, 1266 (D. Kan. 2001).

Plaintiff argues that defendant's reply brief raised numerous new arguments. Specifically, plaintiff contends that defendant's original brief did not raise the following arguments: (1) the separation agreement was subject to provisions of the Older Worker Benefits Protection Act, 29 U.S.C. § 626(f)(1); (2) Colorado or Pennsylvania law governs whether the parties entered into an enforceable arbitration

agreement; (3) plaintiff's signature on the agreement controls whether he received it; and (4) language in the separation agreement was not obscure or hidden from view. See Motion For Leave (Doc. #139). Upon careful review of defendant's reply brief, the Court finds that its arguments are almost entirely responsive to the Campesino declaration. Plaintiff is correct that defendant did not apply Pennsylvania law to the separation agreement until it filed the reply brief. Plaintiff's surreply, however, goes well beyond the scope of this particular issue. To the extent defendant's reply raises new issues, the Court will decline to consider them. See Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1164 (10th Cir. 1998).

Defendant opposes the surreply on additional grounds. First, the 33-page argument section of plaintiff's proposed surreply does not comply with the page limitation of D. Kan. Rule 7.1(e), which limits the arguments and authorities section of briefs to 30 pages absent an order of the court. Plaintiff's counsel explains that he exceeded the page limit to ease the Court's burden in reviewing the applicable cases and argues that the Court should either admonish him to adhere to the rule or grant leave to re-submit the brief in smaller font.[1] Plaintiff's counsel has already been cautioned once in this case for violation of this particular rule. On January 20, 2005, Magistrate Judge Waxse filed a report and recommendation on another issue in this case which admonished counsel to adhere to this rule, and warned that "failure to do so may result in the imposition of sanctions upon both counsel and his clients." Report and Recommendation (Doc. #61) at 5. Admonitions to plaintiff's counsel have been to no avail, and the Court therefore declines to let plaintiff resubmit the brief in a smaller font. Plaintiff's motion for leave to file a

---

[1] The Court appreciates the generosity of plaintiff's counsel's public spirit, but notes the following: (1) the Court is going to review the cases anyway, so exceeding the page limit increases the Court's burden and does not diminish it; and (2) if plaintiff really wants to ease the Court's burden, he will timely comply with all future deadlines.

-3-

surreply is therefore denied for this reason.

Finally, plaintiff appears to be using the surreply to set forth voluminous statements of fact and arguments which could have been included in a response brief, had plaintiff timely filed one instead of filing Campesino's declaration. The Court will not permit plaintiff to use a surreply to circumvent the rulings of this Court and the local rules, and it therefore denies plaintiff's motion for leave for this additional reason as well.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion For Leave To File Surreply And Memorandum In Support Thereof (Doc. #139) filed November 8, 2005 be and hereby is **OVERRULED**.

Dated this 3rd day of January, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge